IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **PAUL YOUNG ROSS,** § | |
| Petitioner, § | |
| § | |
| vs. § | C.A. NO. C-13-cv-06 |
| § | |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal** § | |
| **Justice, Correctional Institutions** § | |
| **Division,** § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas. The actions about which he complains occurred in Dallas County and Nueces County, Texas. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on December 30, 2012 (D.E. 1).[1] Petitioner challenges his underlying sentence in a 1991 Dallas County conviction, the execution of the sentence and the results of a disciplinary hearing. On March 4, 2013 Respondent filed a motion for summary judgment to which Petitioner responded on March 14, 2013 (D.E. 9, 13). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and that some of Petitioner's grounds for habeas relief be dismissed on procedural grounds and some denied on the merits.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on December 30, 2012 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331. Petitioner was convicted in Dallas County, Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).[2]

## BACKGROUND

**A. Underlying State Court Convictions**

Petitioner's claims stem from his incarceration on two forty-five year sentences for two counts of burglary in the Criminal District Court 2 of Dallas County, Texas. The Fifth District Court summarized the procedural history of petitioner's case as follows:

> As part of a plea bargain agreement with the State, petitioner[3] pleaded guilty on March 29, 1991 to burglary of a habitation in No. 05-91-01756-CR. The trial court followed the plea bargain agreement and found the evidence substantiated petitioner's guilt but deferred a finding of guilt. The trial court placed petitioner on probation and fined him $750.
>
> Less than five months later, petitioner was indicted on new charges of theft over $750, but under $20,000, and burglary of a habitation. Consequently, the State filed a motion to adjudicate guilt and revoke petitioner's

---

[2] If the merits of the underlying conviction and sentence were addressed herein, it would be recommended that the those issues be severed and transferred to the Dallas Division of the Northern District of Texas for the convenience of the parties and because that is where the records are located. *See* 28 U.S.C. § 2241(d). But because it is recommended that Petitioner's claim based on his status as a juvenile be considered second or successive, the merits of the claim are not reached and the entire habeas cause of action can be addressed in this court.

[3] The reference to "appellant" in the state court opinion has been changed to "petitioner" in order to be consistent with the rest of this Memorandum and Recommendation.

> probation, alleging petitioner violated his probationary terms by committing the new offenses.
>
> On October 29, 1991, the trial court held a hearing on all three cases. During the hearing, petitioner pleaded true to the allegations in the State's motion to adjudicate guilt in the first burglary, and the trial court found petitioner guilty and sentenced him to forty-five years in prison and fined him $750.
>
> In the remaining two cases, petitioner entered negotiated plea bargains with the State. In the theft case, petitioner pleaded guilty and the trial court sentenced petitioner pursuant to the plea bargain agreement to ten years in prison and a $1000 fine. In the second burglary case, petitioner agreed to plead guilty in exchange for a thirty-year sentence and $1000 fine. The trial court, however, refused to follow the plea bargain and ultimately sentenced petitioner to forty-five years in prison.

*Ross v. State*, No. 05-91-01754-CR, 05-91-01755-CR, 05-91-01756-CR, 1997 WL 139507 (March 27, 1997)(located herein at D.E. 7-5, pp. 1-10). Petitioner filed a notice of appeal on November 14, 1991 (Event Summary, D.E. 7-7 at 2; 7-8 at 2; 7-9 at 2) and after a five-year delay, his conviction was affirmed on March 27, 1997. Petitioner did not file a petition for discretionary review (D.E. 1 at 3; D.E. 10 at 2).

On March 12, 1998 petitioner filed his first application for habeas corpus review in state court. He argued that he was denied effective assistance of counsel at trial and on appeal, and was denied his right to a fair trial by a neutral arbitrator. *Ex Parte Ross*, WR-60,039-01, Event Date: 08/31/2004 at 6-23 (D.E. 8-1 at 11-28). His application sat inactive at the state court for more than six years, until the trial court entered findings of fact and conclusions of law on July 29, 2004 and forwarded the file to the Texas Court of Criminal Appeals on August 31, 2004. *Ex Parte Ross*, WR-60-039-01, Event Date:

3

08/31/2004 at 26-31 (D.E. 8-1 at 31-36).[4]  On January 26, 2005 the Court of Criminal Appeals remanded the case for an evidentiary hearing or affidavits.  *Ex Parte Ross*, WR-60-039-01, Event Date: 08/31/2004 at "Action Taken" page (D.E. 8-1 at 2).

The trial court entered the exact same findings of fact and conclusions of law on April 29, 2005 that it had entered on July 29, 2004.  *Ex Parte Ross*, WR-60-039-01, Event Date: 08/25/2005 (D.E. 8-3 at 5-10).  On April 5, 2006, the Court of Criminal Appeals once again remanded the case for an evidentiary hearing or affidavits.  *Ex Parte Ross*, WR-60-039-01, Event Date: 08/25/2005 at "Action Taken" page (D.E. 8-3 at 2) and *Ex Parte Ross*, WR-60,039-01, Event Date: 07/26/2007 at 20-24 (D.E. 8-10 at 24-30).  On May 29, 2007 the trial court once again entered findings of fact and conclusions of law and the Court of Criminal Appeals denied the writ without written order on the findings of the trial court on August 22, 2007.  *Ex Parte Ross*, WR-60,039-01, Event Date: 07/26/2007 at 2-8 and "Action Taken" page (D.E. 8-10 at 6-12 and 2).

In the meantime, petitioner had been released on parole from state custody and subsequently charged and convicted of conspiracy to distribute narcotics and possession with intent to distribute narcotics in the Laredo Division of the United States District Court for the Southern District of Texas.  *United States v. Ross*, No. 5-05cv1973(1) (S.D. Tex. 2005).  He was sentenced to a term of incarceration of 130 months, which later was

---

[4]Petitioner filed three habeas actions, one for each underlying conviction.  All of the records contain essentially the same documents and all were addressed and disposed of in the same manner.  *See Ex Parte Ross*, WR-60,391-02 and -03 (D.E. 8-11 through 8-18 and 8-19 through 8-27).  For the sake of clarity, only WR-60,391-01 will be cited.

reduced to 85 months. He also was sentenced to a five-year term of supervised release and a $2,000 fine. *Id.* In 2012 Petitioner was released from federal custody and remanded to state custody to resume serving his 1991 state court sentences, presumably pursuant to a parole revocation.

While Petitioner was in federal custody, he filed a habeas action in federal court, challenging all three state court convictions and arguing that he was denied effective assistance of counsel both at trial and on appeal and that he was denied his right to have his state habeas applications reviewed in a timely manner. The federal district court adopted the findings of the magistrate judge that (1) Petitioner was not in custody on the ten-year state sentence and so the court did not have jurisdiction of a habeas action based on that conviction; (2) his federal petition was untimely in regards to his remaining burglary convictions and he was not entitled to equitable tolling[5] and (3) his complaint

---

[5]One of the arguments Petitioner made in support of tolling the statute of limitations was that the state habeas court had appointed an attorney, April Smith, to represent him and that she did not inform the court of Petitioner's change of address when he was paroled from state custody and subsequently convicted in federal court. As a result, Petitioner did not get notice that his state habeas applications were denied on August 22, 2007. *Ross v. Thaler*, 2009 WL 4277074 at *4-5. The court said it found no support in the state court record for the assertion and that the state habeas proceedings established that he was proceeding *pro se*. *Id.* at 5. However, the state habeas record filed herein does support Petitioner's contention that he was represented by attorney April Smith in the habeas proceedings. *See Ex Parte Ross*, WR-60,039-01, Event Date: 07/26/2007 at 2-3 (D.E. 8-10 at 6-7) and *Ex Parte Ross*, WR-60,039-03, Event Date: 05/4/2006 at 4 (D.E. 8-23 at 5). If this had been the only reason for denying Petitioner's habeas application in the first court, it would raise an issue in regard to Respondent's second or successive argument. However, this was not the only reason the court cited for dismissing Petitioner's case and the mischarictarization of the habeas record does not affect Petitioner's instant case.

regarding the delay in his state court habeas proceedings did not state a cause of action. *Ross v. Thaler*, No. 3:09-cv-0460-G, 2009 WL 4277074 (N.D. Tex. 2009). Petitioner did not file objections to the magistrate judge's recommendations and did not appeal the denial of habeas relief.

### B. Grounds for Habeas Relief and Motion for Summary Judgment

Petitioner argues in the instant petition that he is entitled to federal habeas relief on four grounds: (1) He was a 17-year-old juvenile at the time he was sentenced in TDCJ-CID and the trial court did not get any kind of certification from the juvenile court. Nevertheless, he was sentenced to serve 45 years in an adult penitentiary; (2) He is entitled to annual review of parole, but has received three two-year set-offs; (3) He has been assigned to a maximum security prison and is being wrongly categorized as a gang member, which negatively affects his chances of being released on parole and (4) Regarding the disciplinary case (discussed more fully below), he asserts that he neither refused to obey an order nor caused a breach of security and that he should not have been found guilty of the disciplinary violations. He also contends that one of the officers slammed his head into the wall and tried to break his neck and that the disciplinary case was brought to cover up an excessive use of force by the officers against him.

Respondent asserts the following in his motion for summary judgment: (1) Petitioner has not exhausted his claim that he should be reviewed for parole on an annual basis or that he is being misclassified as a gang member; (2) He has failed to state a claim

for habeas relief based on his disciplinary case; and (3) Petitioner's challenge to his 45-year sentence is second or successive.

## APPLICABLE LAW

### A. Claims Regarding Parole

### 1. Exhaustion

Respondent argues that Petitioner's claims that he should be reviewed for parole annually and that he is wrongfully characterized as a gang member are unexhausted and, in the alternative, without merit. Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.1995). The exhaustion requirement "is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005)(citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). In addition, exhaustion of administrative and state court remedies helps the federal court by developing a factual record and allowing the application of correctional expertise to the prisoner's claims, and hopefully resolves the issue without federal court intervention. *Jones v. Quarterman*, No. 7:08-CV-166-O, 2008 WL 4923558

(N.D. Tex. 2008)(citing *McKart v. United States*, 395 U.S. 185, 193-195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) and *Williams v. O'Brien*, 792 F.2d 986 (10th Cir. 1986)).

Exceptions to the exhaustion requirement are appropriate only when the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). *See also* 28 U.S.C. § 2254(b)(1)(B). The petitioner bears the burden of demonstrating the futility of state court review. *Id.*

Petitioner argues that he did not present this claim to the Texas Court of Criminal Appeals because the court was ineffective when he filed his state habeas petition, first by delaying ten years in reaching a decision and then by denying him relief. While the delay is indefensible, the fact that the court denied Petitioner relief is not an extraordinary circumstance. Because Petitioner has failed to exhaust these two parole-related issues and has failed to show that doing so would be futile, those claims should be dismissed without prejudice.

**2. Merits of Parole Claim**

In the alternative, Respondent argues that Petitioner's claims are without merit because he has no due process right to parole or procedural devices related to parole decisions.[6] Petitioner claims that according to the rules of the Texas Board of Pardons

---

[6] A court may deny an application for habeas corpus relief even if the petitioner has failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2).

and Parole, he should be reviewed for parole on an annual basis, but for the past six years has received three two-year set-offs.[7]

Texas parole statutes do not confer a liberty interest in parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because Petitioner has no liberty interest in obtaining parole, he cannot state a cause of action based on the frequency of parole review. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Nor does Petitioner's allegation that he is being misclassified as a gang member state a cause of action. Allegations that the Parole Board is considering unreliable or even false information in making parole determinations do not, without more, state a federal constitutional violation. *Id.*

Petitioner also alleges that TDCJ-CID is not following its own rules regarding parole set-offs. Assuming this is true, it is well-established in the Fifth Circuit that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)(citations omitted). For all of these reasons, summary judgment should be entered for Respondent on Petitioner's claims relating to TDCJ-CID parole review procedures. The claims should be dismissed

---

[7]This allegation is confusing because Petitioner was in federal custody from October 2005 through January 20, 2012.
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Paul&Middle=Young+&LastName=Ross&Race=U&Sex=M&Age=&x=86&y=14 (last viewed April 15, 2013).

without prejudice as unexhausted or, in the alternative, with prejudice because they are without merit.

### B. Disciplinary Convictions

While incarcerated at the McConnell Unit in Beeville, petitioner was accused and found guilty, in Disciplinary Case number 20120200821, of failing to obey an order and causing a breach of security when he refused to turn around and submit to hand restraints on March 26, 2012 (Disp. Hrg. Rec. at 1; D.E. 11-2 at 3). In the offense report the charging officer stated that Petitioner was told to turn around and submit to hand restraints and failed to obey the order. Initially, Petitioner was ordered to move to a bottom bunk but refused to comply. The officer told him several times to switch bunks with his cellmate but Petitioner refused. The officer called for a video camera and additional staff. Another officer responded and as Petitioner was being escorted down the stairs he pulled away from staff. Petitioner was placed on the floor and officers put him on a gurney and took him to the medical unit and then to 10 Building (Disp. Hrg. Rec. at 2; D.E. 11-2 at 4). During the investigation Petitioner did not offer a statement (Disp. Hrg. Rec. at 3; D.E. 11-2 at 5). A time-lapse video was made of the incident but not submitted as evidence.

The notes from the hearing held on March 27, 2012 are indecipherable and the recording of the hearing is unintelligible (Disp. Hrg. Rec. at 7; D.E. 11-2 at 9; D.E. 12). Apparently, the gist of Petitioner's testimony was that he could not move to the lower bunk because he had some sort of conflict with his cellmate (Disp. Hrg. Rec. at 1; D.E.

11-2 at 3). In any event, it will be assumed for purposes of this motion that Petitioner testified either that he obeyed the order to move or that he believed he had a valid reason for disobeying the order.

Petitioner was found guilty based on the charging officer's testimony, another officer's testimony and the time lapse video (*Id.*). He was punished with the loss of recreation and commissary privileges and a reduction in line class from L1 to L3 (*Id.*).

Petitioner filed a Step 1 Grievance on March 28, 2012 in which he stated that the video showed that he was not able to obey the order to submit to handcuffs because he was on the other side of a closed cell door without a tray slot. He also said that an officer submitted a statement at the hearing that the video showed Petitioner leaning into an officer while he was being led downstairs, not pulling away from the officer. Petitioner also averred that the disciplinary hearing officer was biased because she knew about the incident and had responded when the incident was taking place. In addition, he said that the punishment was excessive given his clear disciplinary record and lack of assaultive or aggressive behavior. Petitioner received a response on April 27, 2012 from a warden who told him that his disciplinary case was reviewed and there was sufficient evidence to uphold the verdict that he failed to obey an order. In addition there were no due process errors noted (Disp. Grv. Rec. at 1-2; D.E. 11-1 at 3-4).

Petitioner filed a Step 2 Grievance on May 7, 2012 in which he reiterated the arguments he made in his first grievance. He received a response on June 28, 2012 telling him that his points of appeal were without merit, there was sufficient evidence to support

the finding of guilt, there were no apparent due process errors and the decision of the hearing officer would stand (Disp. Grv. Rec. at 3-4; D.E. 11-1 at 5-6).

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In *Sandin v. Conner*, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), the U.S. Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974)] and [*Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532 (1976)]. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. (internal citations omitted). The Supreme Court held in *Sandin* that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486, 115 S.Ct. at 2301. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. Id.

To the extent petitioner is complaining about losing recreation and commissary privileges, he fails to state a basis for relief because such a loss does not pose an atypical or significant deprivation. *See Madison v. Parker*, 104 F.3d 765, 768 (45-day commissary and cell restrictions do not implicate due process concerns). Therefore he cannot state a claim for habeas relief based on loss of privileges.

Petitioner's Line Class status was reduced from L1 to L3. Generally a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(citing *Meachum v. Fano*, 427 U.S. 215, 229, n. 8, 96 S.Ct. 2532, 2540, n. 8, 49 L.Ed.2d 451 (1976)), *cert. denied sub nom. Luken v. Johnson*, 116 S.Ct. 1690 (1996). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Malchi v. Thaler*, 211 F.3d 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating).

Petitioner is not entitled to habeas corpus relief based on his line class status or on his loss of recreation privileges. Accordingly, summary judgment should be entered for respondent on these claims.

### C. Challenge to 45-year Sentence

Petitioner contends that because he was seventeen years old on the date of his first offense he should not have been assessed a 45-year sentence and that the district court in Dallas had no "certification" from the juvenile court. Petitioner also refers to a recent Supreme Court ruling that state courts cannot assess a juvenile a sentence of life without parole. Although Petitioner does not name the case, it is assumed that he is referring to *Miller v. Alabama*, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), where the Court held that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments.

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)(citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Petitioner filed a federal habeas action in 2009 action in which one claim was dismissed for want of jurisdiction, one was dismissed as time-barred and in the alternative

14

on the merits and the third was dismissed as time-barred. Because petitioner filed a previous habeas action where the merits were addressed, his instant petition bringing up new claims is "second or successive."

This court lacks jurisdiction over a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See* 28 U.S.C. §2244 (b)(3)(A). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

In order to obtain permission from the Fifth Circuit to file a second or successive petition, Petitioner would have to show that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). While Petitioner appears to be relying on *Miller*, which had not been decided

15

at the time he filed his first habeas action, the Fifth Circuit has held that the case is not retroactively applicable on collateral review. *Craig v. Cain*, No. 12-30035, 2013 WL 69128 (5th Cir. 2013)(not designated for publication). Moreover, even if the holding in *Miller* applied retroactively on collateral review, Petitioner was not sentenced to life without possibility of parole, and *Miller* would not affect his situation.

Because petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that petitioner's habeas corpus claim be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

## D. Excessive Force Claim

Petitioner also asserts that one of the officers slammed his head into a wall and tried to break his neck and that the disciplinary case was brought to cover up an excessive use of force by the officers against him. To the extent Petitioner wants to bring an excessive force claim against one or more TDCJ-CID officers, he needs to do so via a petition brought under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997. "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Id.* "A habeas petition, on the other hand, is the proper vehicle to seek release from custody." *Id.* If a favorable determination would not automatically entitle an inmate to accelerated release, the proper

16

vehicle is a § 1983 suit. *Id.* at 820-821. Petitioner is cautioned that if he wished to bring a § 1983 lawsuit he will need to abide by the applicable filing procedures and deadlines.

### E. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

17

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be denied both procedurally and on the merits. Reasonable jurists would not find the assessment of the constitutional claims or the issues of exhaustion and successive filing debatable or wrong. If the district court orders that petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment (D.E. 9) be granted. Petitioner's claims regarding his two-year set-off for parole and his misclassification as a gang member should be dismissed without prejudice as unexhausted, or, in the alternative, with prejudice because he has not alleged a constitutional violation. Petitioner's claim regarding his disciplinary case should be dismissed with prejudice for failure to state a claim. Petitioner's claim regarding the

sentence he received should be dismissed without prejudice because it is second or successive and this court lacks jurisdiction to hear it. Finally, to the extent Petitioner is raising an excessive force claim pursuant to 42 U.S.C. § 1983, that claim should be dismissed without prejudice so that Petitioner may raise it in a civil rights lawsuit, which requires compliance with the PLRA. It is further recommended that a Certificate of Appealability be denied.

    Respectfully submitted this 19th day of April, 2013.

                                                           B. JANICE ELLINGTON
                                                          UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).