UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

PAUL YOUNG ROSS, §
§
Petitioner, §
VS. § CIVIL ACTION NO. 2:13-CV-6
§
RICK THALER, §
§
Respondent. §

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Respondent's Motion for Summary Judgment. (D.E. 9). On April 19, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation (D.E. 14) addressing Respondent's Motion for Summary Judgment. (D.E. 9). The Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted and that Petitioner's claims be dismissed. Petitioner timely filed his Objections on May 6, 2013. (D.E. 16).

In her Memorandum and Recommendation, the Magistrate Judge found that Petitioner's claims were unexhausted, successive, or failed to state a claim under 28 U.S.C. § 2241. With the exception of the sixth objection, Petitioner reasserts each claim that the Magistrate Judge addressed in her Memorandum and Recommendation. The Objections are set out and discussed below.

First, Petitioner urges the Court to excuse him from the exhaustion requirement to avoid a miscarriage of justice. Petitioner bases his argument on the fact that the state court took ten years to reach an adverse decision on his state habeas petition. He argues

that the ten-year delay is inexcusable and that the Fifth Circuit has held that delays of just ten months constitute unreasonable delay sufficient to render the state remedy ineffective to protect a prisoner's rights and excuse exhaustion in accordance with 28 U.S.C. § 2254(b)(1)(B)(ii).  Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972).

Petitioner's case is distinguishable from Breazeale v. Bradley, 582 F.2d 5 (5th Cir. 1978), a Fifth Circuit case applying the § 2254(b)(1)(B)(ii) exception, because in that case, the federal habeas petition was filed and heard while the delayed motion was still pending in state court.  Additionally, the failure to exhaust was based only on the state court's failure to dispose of the case, which contained the same issues that were submitted to the federal court.  Id. at 6; Cf. Reynolds, 460 F.2d at 1027 (recognizing that a ten-month delay was sufficient to invoke the exception, but holding that the claim was nevertheless unexhausted because state avenues for remedy had become available since the state disposed of petitioner's claim while the federal petition was pending).  Here, although it took ten years, the state court has already disposed of Petitioner's state habeas proceeding, and the failure to exhaust is based on issues that Petitioner never raised in that proceeding.

Because the claims raised by Petitioner now were not raised previously in state court, the claims are unexhausted.  Petitioner has failed to supply this Court with any legal basis for disregarding the exhaustion requirement simply because the state court disregarded punctuality expectations.  Petitioner's first objection is **OVERRULED.**

Second, Petitioner objects on two bases to the method in which the parole board operates.  First, he argues that the parole board has not been following its own rules with

regard to annual reviews.  As the Magistrate Judge observed, "[B]ecause [a prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."  Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995).  In other words, the federal courts do not police the state court's compliance with its own procedures when an alleged failure to comply does not implicate an interest protected by the U.S. Constitution.

Petitioner also objects that the parole board meets in secret in violation of the U.S. Constitution.  The U.S. Constitution does not prohibit state agencies from meeting in secret.  Additionally, § 551.124 of the Texas Government Code effectively exempts the parole board from any public meeting requirement by authorizing them to "hold a hearing on clemency matters by telephone . . . ."  Further, "[a]ll information obtained and maintained [by the parole board] . . . is confidential and privileged if the information relates to: (1) an inmate of the institutional division subject to release on parole, mandatory supervision, or executive clemency; (2) a releasee; or (3) a person directly identified in any proposed plan of release for an inmate."  TEX. GOV'T CODE ANN. § 508.313 (West 2004).

Petitioner fails to cite to any other law he claims is being violated and fails to demonstrate how the secrecy of parole board meetings affects his constitutionally protected rights given that he does not have a cognizable liberty interest in parole in Texas.  Petitioner's second objection is **OVERRULED.**

Third, Petitioner objects because he claims that the parole board is keeping him in prison based on false information, namely that he is a gang member.  "The protections of

the due process clause are only invoked when State procedures that may produce erroneous or unreliable results imperil a protected liberty . . . interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).  Again, "Texas law does not create a liberty interest in parole . . . ." Id. at 305.  Accordingly, allegations that the parole board is considering false information do not, without more, state a federal constitutional violation. Id. at 308.  Because Petitioner has not alleged a violation of a protected liberty interest, the relief he seeks is unavailable through a federal habeas petition.  Grievances concerning parole procedures are matters for the state agencies responsible for promulgating and regulating those procedures.  Brandon v. D.C. Board of Parole, 823 F.2d 644, 649 (D.C. Cir. 1987).  Petitioner's third objection is **OVERRULED.**

Fourth, Petitioner objects to the Magistrate Judge's recommendation that his challenge to his 45-year sentence be dismissed without prejudice as successive.  Instead, Petitioner requests that his writ be forwarded to the Fifth Circuit.  When a court lacks jurisdiction to hear a claim because it is successive, as this one is, the Court may either dismiss the claim without prejudice pending review by a Fifth Circuit panel, or the Court can transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file a successive motion in the District Court.  See, e.g., 28 U.S.C. § 2244 (b)(3)(A) (2006); In re Epps, 127 F.3d 364, 365 (5th Cir. 1997).

In his Objections, Petitioner does not explain why his claim merits transfer to the Fifth Circuit.  He just urges the court to transfer the writ to the Fifth Circuit in the interest of justice.  Petitioner has not explained what those interests are or why they are sufficient

to require Fifth Circuit review.  The Magistrate Judge's treatment of that issue was proper.  Petitioner's fourth objection is **OVERRULED.**

Fifth, Petitioner objects to the Magistrate Judge's conclusion that Petitioner's Line Class status change does not create a cognizable liberty interest.  The notion of a protected liberty interest in a custodial classification is foreclosed by several Fifth Circuit cases.  E.g., Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). While Petitioner recites the actual prospective consequences of his loss of line class status, he has not lost any time already earned.  Under those circumstances, he has not demonstrated a liberty interest that triggers this Court's jurisdiction.  Petitioner's fifth objection is **OVERRULED.**

Sixth, Petitioner objects on the ground that he did not consent to the Magistrate Judge's disposition of his habeas writ.  His consent is not required for the procedure invoked here.  The Federal Magistrates Act, 28 U.S.C. §§ 636-39 (2006), authorizes district judges to designate a federal magistrate judge to . . . hear, but not finally decide, dispositive matters.  Id. at §636(b)(1)(B).  Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts authorizes district judges to refer § 2254 petitions to a magistrate judge to propose recommendations for disposition.

The district judge may accept, reject, or modify the magistrate's recommendation after giving a petitioner an opportunity to object.  Id.  Petitioner's Objections to the Magistrate Judge's Memorandum and Recommendation are now before the District

Judge for *de novo* review.  This Court is making the dispositive ruling.  Petitioner's sixth objection is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Respondent's Motion for Summary Judgment (D.E. 9) is **GRANTED** and this action is **DISMISSED.**  In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 16th day of September, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE